Don McCORKLE *v.* Billy Russell JEFFERSON, Jr

5-5824                                    478 S.W. 2d 47

Opinion delivered March 27, 1972

*Griffin Smith,* for appellant.

*Eubanks, Files & Hurley,* for appellee.

Lyle Brown, Justice. This is an action in slander brought by appellee and he recovered judgment for $1,000. For reversal appellant contends that the undisputed facts show the statement charging appellee with theft was justified.

Here is a summary of the testimony given by appellee. At the time of the incident he was a student at the University School of Pharmacy in Little Rock. He was employed on Saturdays and Sundays as a clerk at Markham Inn, a motel. Appellant was president of Markham Inn. It was not unusual for employees to draw against their anticipated salary but not more than they would earn during that pay period. Appellee had many times drawn against his salary—$5.00 or $10.00—by placing his "IOU" in the cash register. On Friday evening, February 7, 1969, appellee went to Markham Inn and with the consent of the night clerk, withdrew ten dollars from the cash register and placed therein an IOU for that amount after initialing it. Appellee was due to report for work early the next morning but he overslept because the night clerk failed to telephone him. When

appellee awoke he telephoned Markham Inn to explain that he would be late and to his surprise a new man was on duty. From the conversation between appellee and the new clerk appellee learned that he had been discharged. Appellee went home to borrow some money and when he returned on Sunday he checked his mail box at the university student housing and found this message addressed to him: "Don McCorkle at the Markham Inn called me about an urgent emergency. 'You have stole $10.00 from his register.' He says you are to return it immediately or Monday morning he will contact the Medical Center and the police."

Miss Campbell, the desk clerk at the student housing complex, testified that she took the message over the telephone from a man who identified himself as Don McCorkle, that she put the message in appellee's box and notified her superior who approved the action.

Appellant testified in his own behalf. He conceded that the message given appellee was correct. He defended his actions on the ground that he had informed appellee on the Sunday preceding the withdrawal of the ten dollars that he was discharged; that he was therefore not an employee at the time he took the money and consequently had no more right than a stranger to withdraw the money. Appellant denied ever having authorized withdrawals from the register by employees.

Of course under the law we are bound by the verdict of the judge sitting as a jury if there is substantial evidence to support the judgment. The evidence proffered by appellee is substantial and we are not permitted to disturb the finding.

Affirmed.

BYRD, J., not participating.